*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 11, 2025
2:50 PM

Plaintiff-Appellee,

v

No. 370182
Van Buren Circuit Court

DONTE JAMELLE SMITH,

LC No. 2023-024625-FH

Defendant-Appellant.

Before: YATES, P.J., and YOUNG and WALLACE, JJ.

YOUNG, J. (*concurring*).

I write separately to discuss the evidence supporting fourth-degree fleeing and eluding. Let's revisit the record underlying this conviction—trial testimony from Michigan State Police Trooper Alex Sussdorf.

Sussdorf testified that he was the trooper who conducted the traffic stop of Smith. Sussdorf testified, "I activated my siren, multiple different tones, airhorn and eventually after an extended period of time, got on my . . . loudspeaker, and gave multiple commands to stop the vehicle." During that time, Smith had ventured over to the shoulder of I-94 "more than a couple times" but ultimately continued down the highway to an exit ramp. At oral argument, Smith's appellate counsel said that Smith took the first possible exit he could off of I-94. As he was exiting the freeway, Smith threw a gun out of the car window. According to Sussdorf, "[t]he stop eventually occurred off the freeway, off M-51 in the Marathon gas station right there at the corner of M-51 and I-94."

In the light most favorable to the prosecutor, Smith, who was from out-of-state and had his minor children with him in the vehicle, drove about four minutes[1] without accelerating to a gas

---

[1] A patrol car dash cam was admitted as an exhibit at trial and was not submitted to this Court to review. According to the transcript, the playing of the footage at trial of the initial traffic violation to the exit ramp took four minutes.

station (which is objectively safer, better-lit, and has the potential to record the encounter), and in the interim, tossed a gun. There is no question that Smith, albeit momentarily, "willfully fail[ed] to obey" the lawful direction to stop over the matter of minutes it took him to get to "the first available gas station."[2] But he did not fail to obey the police order "by increasing the speed of the motor vehicle" or "extinguishing the lights of the motor vehicle." The question is whether Smith momentarily failed to obey by "otherwise attempting to flee or elude the officer." On the present record before this Court, I agree with the majority that Smith tossing a gun from his car while driving a distance of two miles is enough to support that he was trying to avoid being caught and thus, eluding, the police.[3] As a result, I concur.

/s/ Adrienne N. Young

---

[2] This is a quote from appellant's brief. I cannot confirm the accuracy of this statement based on the record as I am without the dash cam video or any other record support for this claim. There is no testimony on the record refuting this.

[3] At oral argument, appellate defense counsel posited that the crime of fleeing and eluding pertains only to the adherence or nonadherence to the lawful traffic stop order and not eluding *a separate criminal offense* (e.g. tossing a gun to avoid a gun possession charge while in the process of pulling over is destruction of evidence or something similar, not fleeing and eluding.). This argument is interesting but not before this Court at this time. It does present an issue where an opinion from the Michigan Supreme Court would be welcome to the bench and bar.